UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN QUING,** ) | |
| ) | **Case No.:** |
| *Plaintiff*, ) | |
| ) | **COMPLAINT AND DEMAND** |
| v. ) | **FOR JURY TRIAL** |
| ) | |
| **SWIFT FUNDS FINANCIAL** ) | |
| **SERVICES, and** ) | |
| **TRANS UNION, LLC,** ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

JOHN QUING ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against SWIFT FUNDS FINANCIAL SERVICES ("Swift Funds"), and TRANS UNION, LLC ("Trans Union")(collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants regularly conduct business in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4. Defendant Trans Union, LLC is headquartered in the Eastern District of Pennsylvania.

5. A substantial portion of the acts and omissions described herein occurred within this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Plaintiff is a natural person who at all times relevant hereto, resided in Queens, New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA and 15 U.S.C. § 1692a(3) of the FDCPA.

9. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant Trans Union, LLC (hereafter "Trans Union") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

11. Defendant Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12. Defendant Swift Funds Financial Services ("Swift Funds") is a collection agency who was collecting on behalf of "UFC Gym" in Astoria Queens.

13. Swift Funds maintains an office located at 927 Deep Valley Dr., Suite 195 Rolling Hills Estate, California 90274.

14. Swift Funds is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. At all times relevant hereto, Swift Funds was a "furnisher" of credit information under the FCRA.

16. Defendant Swift Funds is a "person" as that term is defined by 47 U.S.C. §153(39).

17. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Prior to May 2018, Plaintiff was a member of UFC Gym in Astoria, Queens.

19. Plaintiff used that gym for personal, family or household purposes.

20. On or around May 6 2018, after the Astoria-based location of the gym closed down, Plaintiff informed UFC that he was cancelling his membership. (*See* Ex. "A", cancellation of membership emails and confirmations.)

21. When Mr. Quing saw that his membership was not cancelled, on May 19, 2019, he sent a follow up email noting his "second request to cancel [his] membership." (*See* Ex. "A".)

22. Shortly thereafter, when Quing learned that his membership was still not cancelled, he spoke with "Steven" at UFC Gym to confirm the cancellation.

23. When Steven advised Quing that Steven was not personally was not able to implement that cancellation, Quing sent two more emails to the manager at UFC, on June 2, and June 7 of 2018. (*See* Ex. "A.")

24. After it was <u>still</u> not clear that his membership had been cancelled, on June 21, 2018 Quing filled out the "membership freeze form", after being advised he would not be charged if he filled out said form. (*See* Ex. "B", "membership freeze form.")

25. UFC management signed the form, which included a handwritten notation which read "No Charge". (*See* Ex. "B".)

26. Furthermore, Mr. Quing was advised numerous times by UFC management that his gym membership was effectively cancelled.

27. Despite the fact that he had cancelled his membership on numerous occasions, in June of 2019, Plaintiff began receiving harassing automated calls on his cellular telephone from Defendant Swift Fund, falsely alleging Plaintiff to owe a balance to Swift Funds.

28. On the first call Mr. Quing answered from Swift Fund, he advised that he did not owe the alleged debt and instructed Swift Fund to stop calling.

29. Despite this, Swift Fund continued to call Plaintiff through at least September 2019.

30. When calling Plaintiff, Swift Fund utilized an automatic telephone dialing system.

31. Plaintiff could ascertain as much because when he answered the telephone when Swift Fund called, there would be a pause before the call was transferred to a live agent for Swift Fund.

32. Furthermore, in or around June of 2019, Plaintiff was surprised and dismayed to see that his Trans Union credit report reflect an alleged debt, which was purportedly owed to Swift Funds Financial Services, and the original creditor was purportedly "UFC GYM ASTRORIA."

33. Plaintiff disputed this defamatory and derogatory information to Trans Union.

34. Despite the fact that this credit information furnished by Swift Funds was demonstrably false, Trans Union claims to have conducted an "investigation" and verified the information, as reflected in Plaintiff's Trans Union report dated August 25, 2019. (*See* Ex. "C", excerpts from Trans Union report.")

35. As a result of this derogatory information furnished by Swift Funds and inaccurately reported by Trans Union, Plaintiff's otherwise stellar credit score dropped significantly.

36. Accordingly, Plaintiff refrained from applying for a mortgage and purchasing a home since learning of the inaccurate credit report.

37. For the foregoing reasons, Swift Funds violated the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act and the Fair Credit Reporting Act.

38. Also for the aforementioned reasons, Defendant Trans Union violated the FCRA.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A) and 1692f(1) OF THE FDCPA**
*(Plaintiff v Swift Funds)*

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Section 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt

42. Section 1692f(1) prohibits debt collectors from the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant Swift Funds violated 1692e, 1692e(2)(A) and 1692f(1) by attempting to collect an alleged debt from Plaintiff that he did not owe and repeatedly informed both the original creditor and Swift Funds that he did not owe.

44. As a result of the above violations of the FDCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory and actual damages, plus attorneys' fees and costs.

### COUNT II
### DEFENDANT VIOLATED § 1692e(8)) OF THE FDCPA
*(Plaintiff v Swift Funds)*

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46.     Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

47.     Defendant Swing Funds violated § 1692e(8) of the FDCPA when it communicated inaccurate credit information about Plaintiff to Trans Union.

48.     As a result of the above violations of the FDCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory and actual damages, plus attorneys' fees and costs.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA**
*(Plaintiff v Swift Funds)*

49.     A debt collector violated §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

50.     A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51.     Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff.

52. As a result of the above violations of the FDCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory and actual damages, plus attorneys' fees and costs.

## COUNT IV
## DEFENDANT VIOLATED THE TCPA
### (*Plaintiff v Swift Funds*)

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

54. Defendant Swift Funds initiated automated calls to Plaintiff using an automatic telephone dialing system.

55. Defendant's calls to Plaintiff were not made for "emergency purposes."

56. Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

57. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

58. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

59. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT V
### DEFENDANT VIOLATED § 1681s-2(a) OF THE FCRA
*(Plaintiff v. Swift Funds)*

60. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

61. At all times pertinent hereto Swift Funds was a "person" as that term defined by 15 U.S.C. § 1681a(b).

62. Swift Funds violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

63. Swift Funds' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Swift Funds is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT VI
### DEFENDANT VIOLATED §§ 1681e AND 1681i OF THE FCRA
*(Plaintiff v. Trans Union)*

64. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

65. At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

66. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

67. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

68. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

69. The conduct of Trans Union a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above.

70. As a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JOHN QUING, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All statutory and actual damages under 15 U.S.C. § 1681n;

    e.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    f.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    g.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    h.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    i.    Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN QUING, demands a jury

trial in this case.

                                              Respectfully submitted,

Dated: October 11, 2019        */s/ Amy L.B. Ginsburg*
                                            Amy L.B. Ginsburg, Esq.
                                            Jacob U. Ginsburg, Esq.
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, Pennsylvania 19002
                                            Phone: (215) 540-8888
                                            Facsimile: (877) 788-2864
                                            Email: aginsburg@creditlaw.com
                                            jginsburg@creditlaw.com